RECEIVED
IN LAKE CHARLES, LA
AUG 24 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LOUANA BROWN AND RANDY FRIEDRICH, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED | : | DOCKET NO. 03-995 |
| VS. | : | JUDGE TRIMBLE |
| BROWN & WILLIAMSON TOBACCO CORP., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion of Batus Retail Services, Inc. to Dismiss for Lack of Personal Jurisdiction" [doc. #31] wherein the mover pursuant to Federal Rule of Civil Procedure 12(b)(2) seeks to be dismissed from this suit on the ground that this Court lacks personal jurisdiction. Plaintiffs have filed no opposition to this motion.

## FACTUAL STATEMENT

On May 27, 2003, Plaintiffs filed the instant suit, individually, and on behalf of those similarly situated in the 14th Judicial District Court in Calcasieu Parish. Made defendants were Brown & Williamson Tobacco Corporation ("B & W"), Pelican Cigar Company ("Pelican"), Schlesinger Wholesalers & Automotive Cigarette Service, Inc. ("Schlesinger"), Batus, Inc.[1] ("Batus") and The Kroger Co. ("Kroger"). The petition alleges "claims for economic losses for the purchase of Brown & Williamson's "light" cigarette brands in Louisiana when these products were defective and marketed

---

[1] The corporation identified in the Petition as "Batus, Inc." no longer exists having been merged into BATUS Retail Services, Inc. Batus is a Delaware corporation with its principal place of business in Kentucky.

in a fraudulent and deceptive manner by the Defendants."[2] Plaintiffs specifically plead redhibition under Louisiana Civil Code article 2520, *et seq,* in that the cigarettes in question were defective. B & W and Batus are the alleged manufacturers of the allegedly defective cigarettes. Pelican, Schlesinger and Kroger are the distributors and sellers of the cigarettes and part of the chain of distribution of the allegedly defective product to retail outlets and ultimately to the general public.[3]

The case was removed to this Court on June 2, 2003 on the basis of diversity jurisdiction.[4] The instant motion was filed on August 4, 2003. A Stay Order was issued on September 8, 2003 until after final resolution of plaintiffs' motion to remand. The motion to remand was denied on February 1, 2005 and the stay order was lifted on July 7, 2005. An order was issued ordering the parties to file their oppositions and replies and submitting the motion to dismiss for decision on the August 10th, 2005 motion calendar.

## LAW AND ANALYSIS

When a defendant contests personal jurisdiction, the plaintiff bears the burden of demonstrating specific facts supporting the proper exercise of jurisdiction.[5] A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United Sates

---

[2] Petition for Damages, ¶ 25.

[3] Petition for Damages, ¶ 37

[4] 28 U.S.C. § 1332.

[5] *Jobe v. ATR Marketing, Inc.,* 87 F.3d 751, 753 (5th Cir. 1996).

2

Constitution.[6] Because the Louisiana Long-Arm Statute, Louisiana Revised Statute § 13:3201(B) provides for the exercise of personal jurisdiction over a non-resident on any basis consistent with the United States Constitution, the sole inquiry for this Court is whether its assertion of jurisdiction over Batus complies with constitutional due process. The long-arm statute also provides that jurisdiction attaches whenever a party undertakes certain specified activities within Louisiana.[7]

Due process protects a nonresident defendant from binding judgments in a forum with which it has established no meaningful contacts, ties or relations.[8] To subject itself to the jurisdiction of a forum's courts, a non-resident corporate defendant must establish certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.[9] It is essential that there be some act by which the defendant purposely avails itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protection of its laws.[10]

The United States Supreme Court and the Louisiana courts have repeatedly held that due process required a plaintiff to show specific contacts with the forum state by each individual entity over which jurisdiction is sought.[11] Thus, Plaintiffs must show that the exercise of personal

---

[6] *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

[7] La.R.S. § 13:3201(A).

[8] *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

[9] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987); *International Shoe Co.*, 326 U.S. at 319.

[10] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

[11] *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

3

jurisdiction over Batus would not violate due process.

Batus submits the affidavit of Susan Saunders, the assistant secretary of Batus. Saunders declares that Batus is not a tobacco manufacturer, nor has it ever manufactured, tested, designed, marketed, packaged, sold, distributed, promoted or advertised any tobacco product or any other product anywhere in the United States, including Louisiana. Saunders further declares that Batus has never sold, processed, serviced, or manufactured any products, materials, or things that were used or consumed within Louisiana in the ordinary course of commerce, trade or use, nor does it operate, conduct, engage in or carry on any businesses in Louisiana. Saunders further declares that Batus does not have any office, place of business, or mailing address in Louisiana or any officer, agent, distributor, servant, employee, broker, wholesaler, or other representative in Louisiana for the transaction of any business of any nature. Batus has never been engaged in solicitation or service activities within Louisiana. It does not own, rent, use or possess any real or personal property in Louisiana, and it does not maintain any bank accounts in Louisiana.

In their complaint, Plaintiffs allege that Batus is Brown & Williamson Tobacco Corporation's parent company. Saunders declares that Batus possesses no ownership interest in Brown & Williamson, either directly or indirectly, and exercises no control over Brown & Williamson. Thus, Batus maintains that it has no contacts with Louisiana, and because of the absence of such contacts, any attempt to assert personal jurisdiction over Batus in Louisiana would violate due process. Plaintiffs have filed no opposition to this motion and thus do not dispute that Batus has no contacts with Louisiana. Plaintiffs have failed to meet their burden of demonstrating facts to support the proper exercise of jurisdiction. Accordingly, this Court lacks personal jurisdiction over the Defendant, Batus, Inc.

4

## CONCLUSION

Based on the foregoing, the motion to dismiss defendant, Batus Retail Services, Inc. will be granted dismissing all claims against this Defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of August, 2005.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE